Jim Q. Tran (SBN 274880)
COAST LAW CENTER
2677 North Main Street, Ste. 520
Santa Ana, CA 92705
Tel:  714-242-5939
Fax: 949-429-4354
contact@coastlawcenter.com

Attorney for Plaintiff
HAU LE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| HAU LE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CACH, LLC, and MANDARICH LAW GROUP, LLP<br><br>　　　　Defendants. | CASE NO.  8:13-cv-00148-DOC-RNB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JIM TRAN**<br><br>Date: August 19, 2013<br>Time: 8:30 a.m.<br>Judge:  Hon. David O. Carter |

TO THE HONORABLE COURT AND ALL PARTIES HEREIN:

**PLEASE TAKE NOTICE** that on August 19, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard before The Honorable David O. Carter in Courtroom 9D, of the above-entitled Court, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California, Plaintiff, Hau Le ("Plaintiff"), will and hereby does move the Court for voluntary dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

This motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jim Q. Tran served and filed herewith, and such oral and documentary evidence as may be presented prior to or at the time of the hearing.

## MEMORANDUM OF POINTS AND AUHTORITIES

### I. INTRODUCTION

The instant motion is being made after a review by Plaintiff's counsel, who only became counsel of record upon substituting into this case on June 13, 2013.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Hau Le, appearing pro se, had filed a Complaint on January 30, 2013 under the Fair Debt Collection Practices Act (FDCPA). Defendants Cach, LLC, and Mandarich Law Group, LLP ("Defendants") subsequently filed an answer. A Scheduling Conference was scheduled for April 29, 2013. Plaintiff, pro se at the time, failed to comply with FRCP 26(f), Local Rule 26-1, and the Court's filing deadlines; Defendants filed the Rule 26(f) Report on April 26, 2013. At the Conference, Defendants made an appearance through counsel and Plaintiff made no appearance. The matter was trailed to allow Plaintiff to appear.

On May 31, 2013, Defendants filed a 12(c) Motion for Judgment on the Pleadings against Mr. Le's claims for relief under the FDCPA. The Notice of Motion and Motion for Judgment on the Pleadings were mailed to Plaintiff. On June 13, 2013, this Court granted Plaintiff's Request to Substitute Jim Tran as Attorney. Plaintiff submitted a Joint 26(F) Report on June 25, 2013. The Scheduling Conference has been reset for July 15, 2013 before The Honorable David A. Carter. No interrogatories have been filed, and no depositions have been taken at this point.

### III. VOLUNTARY DISMISSALS PURSUANT TO FRCP 41 ARE LIBERALLY ALLOWED

Where, as here, Defendants have already filed their Answers, and the parties are unwilling to stipulate to a dismissal without prejudice, under *Fed. R. Civ. P.* 41(a)(2), an action may be dismissed at the plaintiff's request by court order. As Wright & Miller note, voluntary dismissals pursuant to FRCP 41 are liberally allowed: "[A] very significant number of courts have followed the traditional principle recognized by the federal courts that dismissal should be allowed unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit." Wright & Miller, 9 *Fed. Prac. & Proc. Civ.2d* § 2364.

""Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice. *Stevedoring Serv. of Am. v. Armilla Int'l*, 889 F.2d 919, 921 (9th Cir.1991); see, also, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced.' Stevedoring, 889 F.2d at 921. In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and 'will not be disturbed unless the court has abused its discretion.' *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir.1996) (citations omitted)." *Mayes v. Fujimoto* (D. Hawaii, 1998) 181 F.R.D. 453, 455. "And unless dismissal will cause some plain legal prejudice to [opposing parties], it normally will be proper." *In re International Airport Inn Partnership* (C.A.9th, 1975) 517 F.2d 510, 512 (citing, Wright & Miller, supra).

### IV. THERE IS NO PREJUDICE TO DEFENDANTS RESULTING FROM THE DISMISSAL OF THIS ACTION

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of

the dismissal. Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.* (C.A.9th, 1982) 679 F.2d 143, 145 (defendant did not establish plain legal prejudice merely by asserting that it had begun trial preparations) (citations omitted). "Plain legal prejudice may be shown where actual legal rights are threatened or where other burdens appear to be extreme and unreasonable." *Watson v. Clark* (D.Nev. 1989) 716 F.Supp. 1354, 1356.

Here, there is no prejudice to Defendants resulting from a dismissal of the federal action because no Motion for Summary Judgment has been filed, the case is still at its beginning stages and while a joint report was prepared by both parties, there has not been "an inordinate amount of time and money expended in preparation for trial", *Id.*, including the time and expense in conducting discovery.

## V. CONCLUSION

For the foregoing reasons, Plaintiff, Hau Le, respectfully requests that the Court grant his motion pursuant to *FRCP* 41(a)(2), and issue an Order dismissing the instant action without prejudice, each party to bear its own costs.

Dated: June 26, 2013
      COAST LAW CENTER

By: \_\_\_\_\*/s/ Jim Tran\_\_\*\_\_
      Jim Q. Tran
      Attorney for Plaintiff Hau Le

# DECLARATION

I, Jim Q. Tran, declare as follows:

1. I am an attorney duly admitted to practice before all the courts in the State of California, and I am counsel to Plaintiff, Hau Le ("Plaintiff"). Unless otherwise specified, I have personal knowledge of all facts stated herein and, if called as a witness, could and would testify competently thereto.

2. In mid-May, 2013, Plaintiff had sought my assistance in a different matter involving Cach, LLC and Mandarich Law Group, LLP ("Defendants"). In early June, 2013, my office, Coast Law Center, received a letter from Defendants' counsel in which Defendants' counsel included a copy of Defendants' Notice of Motion and Motion for Judgment on the Pleadings.

3. On June 13, 2013, this Court granted Plaintiff's Request that I substitute in as Attorney.

4. No conference of counsel pursuant to Local Rule 7-3 occurred.

5. No interrogatories have been filed, and no depositions have been taken.

6. No Motion for Summary Judgment has been filed.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Executed this 26th day of June, 2013 at Santa Ana, California.

By:     /s/ * Jim Tran*
        Jim Q. Tran